**Alphonse LEONARD, Appellant,**

v.

**LYKES BROTHERS STEAMSHIP COM-PANY, Inc., Appellee.**

**No. 23709.**

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1968.

Rehearing ·Denied Feb. 14, 1968.

John E. Jackson, Jr., New Orleans, La., for appellant.

Benjamin Yancey, Andrew T. Martinez, New Orleans, La., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

MARIS, Circuit Judge:

This is an appeal by the libelant, Alphonse Leonard, from the denial by the District Court for the Eastern District of Louisiana of his motion for a rehearing of the dismissal after trial of his libel against the respondent, Lykes Bros. Steamship Company, Inc. The libel was brought to recover for personal injuries sustained during the course of the libelant's employment by the respondent as a longshoreman in the unloading of the respondent's vessel, the Ruth Lykes, in the port of New Orleans.

The evidence produced by the libelant showed that on September 13, 1961, the day of the accident, reels of wire were being unloaded from the Ruth Lykes by lifting them through the hatches by the use of the vessel's booms, winches and

---

* Of the Third Circuit, sitting by designation.

winch runners and lowering them directly into gondola-type railroad cars on the dock. The libelant, with other longshoremen, was working in the cars to unhook the cargo gear after the reels of wire had come to rest in the cars. After other cars had been loaded, an empty gondola car was brought alongside to receive cargo. Two of libelant's co-workers, Jones and Bailey, climbed aboard the car and, observing a dunnage rack lying on the bed of the car, they determined to remove it from the car by the use of the ship's boom and winch and place it on the dock in order to make room for the cargo. They thereupon removed the cargo handling bridle from the winch runner and replaced it with a double wire sling used for handling dunnage which they secured to the dunnage rack in the customary manner. At about the same time libelant had climbed one of the ladders affixed to the inshore side of the gondola car to board the car. Jones saw the libelant's head over the top of the car and told him to get down out of the way; Jones could not see over the side of the car but, after what he considered sufficient time for the libelant to get clear, signaled the winch operator to lift the dunnage rack. The libelant, however, remained on the ladder on the inshore side of the car out of sight of the winch operator. When the winch operator lifted the rack it hit the inside of the car, a not unusual occurrence. Then as the rack was being brought over the side one of the legs of the wire sling became unhooked and the rack hit the libelant in the back, knocking him to the dock and severely injuring him.

The libelant urges that the Ruth Lykes was unseaworthy in that her gear and tackle were used in a negligent manner in the moving of the dunnage rack which injured him and that the respondent is, therefore, liable to him for his injuries. The district court, however, found as facts that:

"The booms were properly positioned, the double sling was properly attached to the winch runner, and the procedures and methods being followed were proper for removal of the dunnage rack from the gondola car.

\* \* \* \* \* \*

"Libelant was furnished a safe place to work; but on his own initiative proceeded to put himself in a place of danger by selecting and using the ladder aforesaid which obscured him from those engaged in the operation, at a time when he knew or should have known from the position of the winch runners and from the oral signal being given that the operation of lifting the rack was in progress.

"None of the gear being used at the time was defective, none broke in use, and all of the gear being employed was proper to perform the job at hand. The vessel and its tackle, gear and appurtenances were in all respects seaworthy."

Pointing out that the libelant and six fellow workers had testified to the above facts and not one witness found fault with the gear being used, with the adjustment or position of the boom, or with the procedures being followed, the district court concluded that the libelant had failed to prove either unseaworthiness or shipowner's negligence but, on the contrary, had shown that his injuries were caused only as a result of either unavoidable accident or from contemporaneous negligent use of seaworthy appliances by fellow longshoremen in failing to properly attach the double sling to the rack being removed from the gondola car. The court accordingly dismissed the libel and subsequently denied rehearing.

Our study of the record fails to disclose any evidence whatever of any defect in the appliances of the Ruth Lykes or of any want of ordinary care in their use. The findings of the district court in this regard are clearly right and they support its conclusion that neither unseaworthiness or shipowner's negligence were involved. Since we are unable to find any evidence of negligence in the contemporaneous use of the vessel's appliances it may only be concluded that the libelant's injuries resulted from an unavoidable accident for which the re-

spondent was not responsible. We, therefore, need not consider the libelant's argument that the respondent would be liable for the contemporaneous negligent use by the libelant's fellow longshoremen of seaworthy ship's appliances.

Affirmed.